**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ferrari Financial Services, Inc.,

     Plaintiff(s),

v.

Gueorgui Gantchev,

     Defendant(s).

Case No. 2:25-cv-01729-JAD-NJK

**ORDER**

[Docket Nos. 11, 12]

Pending before the Court is Plaintiff's motion to extend the time for service, and to serve Defendant by alternative means.  Docket Nos. 11, 12.

**I.    EXTENSION REQUEST**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period.  *See* Fed. R. Civ. P. 4(m).  Plaintiff established sufficient cause to extend the time for effectuating service to March 17, 2026.

**II.    SERVICE BY ALTERNATIVE MEANS**

Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Service by publication or other alternative means is permitted upon a showing that service by traditional means is impracticable because the defendant cannot be located through due diligence.  *See, e.g.*, Nev. R. Civ. P. 4.4(b)(1)-(2); Nev. R. Civ. P. 4.4(c).  Courts have considerable discretion in deciding whether alternative service should be permitted.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

The record has detailed numerous unsuccessful attempts by Plaintiff to locate and serve Defendant.  *See, e.g.*, Docket No. 11-1 at ¶ 20.  The record also shows that, notwithstanding the

above, Defendant has been in telephone and email communication with Plaintiff's counsel. *See, e.g.*, *id.* at ¶¶ 4-9; *see also id.* at ¶ 13 (representing no bounced back emails or other indication that email address is no longer valid). Plaintiff argues that Defendant is purposefully evading service, particularly given his communications with counsel. *See, e.g.*, *id.* at ¶ 23. In addition, the motion presents the foundation to show that the methods of alternative service are legally sound and are warranted by the circumstances. *See* Docket No. 11. Plaintiff has established that service by alternative means (i.e., email) is warranted.[1]

**III.   CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff's motions to extend the time for service and to serve Defendant by alternative means. The time for effectuating service is extended to March 17, 2026. Plaintiff is permitted to effectuate service on Defendant by emailing the complaint and summons to lvcars2445@gmail.com and gueorgig@gmail.com.

IT IS SO ORDERED.

Dated: January 22, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Because the Court finds that alternative service by email is warranted, the Court need not opine on the alternative request to serve by publication.

2