Tanya N. Lewis (8855)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: tlewis@swlaw.com

*Attorneys for Plaintiff Ferrari Financial Services, Inc.*

Snell & Wilmer L.L.P. LAW OFFICES 1700 South Pavilion Center Drive, Suite 700 Las Vegas, Nevada 89135 702.784.5200

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FERRARI FINANCIAL SERVICES, INC.,

Plaintiff,

vs.

GUEORGUI GANTCHEV, an individual,

Defendant.

Case No. 2:25-cv-01729-JAD-NJK

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

ECF No. 19

Ferrari Financial Services, Inc. (FFS) has moved for default judgment. Mot. for default j., ECF No. 19.[1] For the reasons set forth herein, the Court grants FFS's motion for default judgment.

**I. Discussion**

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who

[1] The deadline to file a response was June 17, 2026. Gantchev did not respond to Ferrari's motion.

> has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit has clarified, Rule 55 requires a "two-step process" consisting of (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009); *Cramer v. Target Corp.*, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010).

Here, the plaintiff has satisfied both steps under Rule 55. First, the plaintiff moved for entry of default against Gantchev on February 18, 2026. ECF No. 16. On February 20, 2026, the Clerk of the Court entered default. ECF No. 17. Second, the plaintiff filed a motion for default judgment against Gantchev. ECF No. 19. Upon entry of default, the Court takes as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

FFS asserts that Gantchev breached the contract and failed to make payments. Based on those allegations, the plaintiff asserts the following claims: (1) writ of possession, (2) breach of contract, and (3) conversion. ECF No. 1. FFS now seeks default judgment against the defendant, arguing that the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), weigh heavily in favor of granting default judgment.

**A. Factor one: prejudice to FFS**

FFS asserts that it entered into a contract with Gantchev, and that Gantchev failed to make payments for the amount due. ECF No. 1; ECF No. 19. FFS argues that, without default, it would be prejudiced. ECF No. 19. The Court agrees. FFS served Gantchev, ECF No. 15, and Gantchev has failed to appear and defend this action to resolve this dispute. FFS will be prejudiced if default judgment is not entered in its favor because it has no other recourse. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Thus, this factor weighs in FFS's favor.

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

**B. Factors two and three: the merits of the claims and sufficiency of the complaint**

The second and third *Eitel* factors look at (1) the merits of the plaintiff's substantive claims and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. These two factors require that the plaintiff "state a claim on which [it] may recover." *PepsiCo,* 238 F. Supp. 2d at 1175. The complaint satisfies this requirement. It establishes Gantchev's violation of the terms of the contract—that is, failing to make the payments pursuant to the terms of the contract, and by not surrendering the vehicle when he defaulted, requiring the vehicle's involuntary repossession by FFS. ECF No. 1; Pl.'s Ex. A, ECF No. 1-1. So, both factors two and three also weigh in favor of granting default judgment.

**C. Factor four: the amount of money at stake**

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by [the] defendant's conduct." *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters. Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)); *see also PepsiCo*, 238 F. Supp. 2d at 1176. FFS seeks $52,007.80 in actual damages. ECF No. 19.

**D. Factor five: the possibility of a dispute concerning material facts**

The fifth *Eitel* factor weighs the possibility of a dispute regarding facts material to the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. As noted above, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). Here, FFS sufficiently pled its claims, so there is no factual dispute that would preclude entry of judgment. Thus, the fifth factor weighs in favor of granting FFS's motion.

**E. Factor six: the possibility of excusable neglect**

"The sixth *Eitel* factor considers whether the defendant's default may have been the product of excusable neglect." *Landstar Ranger,* 725 F. Supp. 2d at 920 (citing *Pepsico*, 238 F. Supp 2d at 1177). This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *See id.* Gantchev was served. *See* ECF No. 21. But, as noted, Gantchev has failed to defend against this action. Thus, there is no

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

evidence suggesting that the defendant's failure to respond is due to excusable neglect. Accordingly, this factor also weighs in favor of granting FFS's motion. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a defendant that failed to appear in the action).

**F. Factor seven: the policy of resolving cases on the merits**

The seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although "[c]ases should be decided upon their merits whenever reasonably possible," *id.*, "Rule 55(a) allows a court to decide a case before the merits are heard if [a] defendant fails to appear and defend," *Landstar Ranger*, 725 F. Supp. 2d at 922. While a decision on the merits is desirable, default judgment is appropriate when defendants fail to appear and respond. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). So, this factor also weighs in favor of entering default judgment.

All *Eitel* factors weigh in favor of the entry of default judgment against Gantchev. Accordingly, FFS's motion for default judgment is granted in the amount of $52,007.80 against Gantchev.

**II. Conclusion**

IT IS HEREBY ORDERED that the plaintiff's motion for default judgment **[ECF No. 19] is GRANTED**. The clerk of court is directed to ENTER JUDGMENT against Gueorgui Gantchev in the amount of $52,007.80 and CLOSE THIS CASE.

U.S. District Judge Jennifer A. Dorsey
Dated: September 8, 2026

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200